John W. STORRS, Appellant,

v.

MUNICIPALITY OF ANCHORAGE, a municipal corporation, Appellee.

No. S–863.

Supreme Court of Alaska.

July 11, 1986.

Rehearing Granted in Part and Opinion Amended July 29, 1986.

---

James T. Robinson, David A. Devine, Smith, Robinson, Greuning & Brecht, Anchorage, for appellant.

Jerry Wertzbaugher, Municipal Atty., Julie Garfield, Asst. Municipal Atty., Anchorage, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

MOORE, Justice.

This appeal raises the question whether a collective bargaining agreement can alter the constitutional rights of covered employees to provide for post-termination review, rather than pretermination review, of a discharge and, if so, whether a discharged employee is entitled to back pay between his dismissal and eventual post-termination review. The superior court found the officer received all process due and the officer appealed. We affirm.

### I. FACTUAL AND PROCEDURAL BACKGROUND

John W. Storrs was a career police officer with the Municipality of Anchorage Police Department (Municipality). The Municipality claims that, while on duty, Storrs engaged in sexual activity with a woman he was driving home. Storrs denied the allegation. Following an exhaustive internal investigation, Police Chief Brian Porter fired Storrs.

Storrs is a member of a collective bargaining unit represented by the Anchorage

Police Department Employees Association (APDEA). Under the collective bargaining agreement, a police officer may only be dismissed for just cause. Officers are entitled to two weeks notice or two weeks pay prior to discharge. The contract provides for arbitration of grievances only upon demand of APDEA. APDEA declined to arbitrate Storrs' dismissal.

Storrs filed suit in superior court against the Municipality for reinstatement and back pay, arguing he was deprived of due process because he did not receive a pretermination hearing. Judge Karl S. Johnstone entered summary judgment for the Municipality, concluding that Storrs was not entitled to a pretermination hearing but that he had the right to a trial on his claim that he was terminated without just cause.[1] Storrs appealed.

### II. FEDERAL DUE PROCESS RIGHTS

#### A. Pretermination Hearing

Storrs argues that he was deprived of a constitutionally protected interest in his continued employment without due process of law because he did not receive a pretermination hearing. The Municipality contends that Storrs was not deprived of due process.

 Public employees, other than those serving "at will," have a sufficient property interest in continued employment to warrant due process protection prior to termination. *Cleveland Board of Education v. Loudermill,* 470 U.S. ——, ——, 105 S.Ct. 1487, 1491, 84 L.Ed.2d 494, 501 (1985). The collective bargaining agreement provides that Anchorage police officers may be dismissed only for just cause. Therefore, Storrs has a property interest in his continued employment; he may not be deprived of his job without due process of law. The question remains what process is due?

1. Although a trial was scheduled for January 1985, Storrs declined the opportunity to present his case in superior court.

■ The root of due process is the right to a hearing *before* a deprivation of property. *Loudermill*, 470 U.S. at ——, 105 S.Ct. at 1493, 84 L.Ed.2d at 503. The nature of the employee's pretermination rights varies, depending in part on the nature of subsequent proceedings available. *Loudermill*, 470 U.S. at ——, 105 S.Ct. at 1495, 84 L.Ed.2d at 506. The procedure should provide an initial check against a mistaken decision by the employer, ensuring that there are reasonable grounds to believe the allegations against the employee are true. *Id.* At a minimum, the employee must receive oral or written notice of the proposed discharge, an explanation of the employer's evidence and an opportunity to present his position. *Id.* Storrs argues that he was deprived of due process because the Municipality did not explain its evidence nor provide a meaningful opportunity to respond.

■ We conclude that the pretermination procedure followed by the Municipality comported with minimum federal due process requirements. The Municipality undertook an investigation on November 17 after receiving the complaint against Storrs. The investigation officers took a statement from the woman and examined the scene of the reported incident, taking photographs and casts of tire tracks. They measured the time and distance of various routes from Storrs' point of origin to the woman's residence. The woman submitted to a polygraph examination. Other officers with knowledge of the events in question were interviewed.

On November 24, the investigating lieutenant interviewed Storrs about the incident. Also present were Storrs' shop steward and a police captain. The lieutenant informed Storrs he was conducting a criminal investigation and advised Storrs of his constitutional rights. Storrs agreed to a recorded interview and gave his version of the evening's events. Storrs indicated that he did not know exactly where the woman's house was and that, although she made sexual advances toward him, no sexual contact occurred.

On November 26, Storrs voluntarily submitted to a polygraph examination. Storrs again gave his version of the facts. The state trooper who administered the test told Storrs that he appeared to be lying about certain material facts and urged Storrs to explain what really happened. The trooper informed Storrs about the contents of the woman's statements and that her allegations were supported by mileage and time measurements, the police department radio log, and tire tracks and footprints found at the scene. Storrs was also informed that the statement of another police officer indicated Storrs knew the location of a certain street and therefore Storrs' statement that he got lost on the way was less likely to be true. The trooper again urged Storrs to tell the truth. Storrs maintained that his original version was correct.

On December 6 Police Chief Porter, Storrs and Storrs' shop steward met. Porter again gave Storrs the opportunity to explain any of the evidence gathered, but Storrs merely repeated his blanket denial and did not offer any further information. At the conclusion of the interview, Porter fired Storrs.

We conclude that Storrs received notice, an explanation of the evidence against him and a sufficient opportunity to respond during the course of the investigation. The pretermination requirements of federal due process were therefore satisfied in this case.

### B. Post-termination Hearing

■ When minimal pretermination procedures are followed, federal law entitles a public employee to a formal evidentiary post-termination hearing within a reasonable time. *Kelly v. Smith*, 764 F.2d 1412, 1415 (11th Cir.1985); *Brasslett v. Cota*, 761 F.2d 827, 836 (1st Cir.1985); *DeSarno v. Department of Commerce*, 761 F.2d 657, 660 (D.C.Cir.1985). The collective bargaining agreement provides for prompt review of grievances and binding arbitration of unresolved disputes. However, in the instant case APDEA refused to press Storrs' claim, hence no post-termination hearing

occurred. In Alaska, Storrs' remedy lies in the courts; he may sue the Municipality for breach of contract. *Casey v. City of Fairbanks*, 670 P.2d 1133, 1138 (Alaska 1983).

■ Storrs was dismissed in December 1982. Trial was scheduled for January 1985. The question is whether, under the circumstances presented here, this delay is so unreasonable as to violate Storrs' due process rights.

Storrs did not file a complaint until June 1983, six months after the dismissal. The complaint did not request an immediate judicial hearing. In November 1983, the Municipality moved for partial summary judgment, claiming that Storrs' remedy was a judicial determination of the merits of the termination decision. Instead of joining in this suggestion and demanding an immediate trial, Storrs opposed it. Judge Johnstone granted partial summary judgment and set trial for January 1985. Storrs at no time requested an earlier trial date; instead he requested the court to enter final judgment against him so that he could appeal.

Under these specific circumstances, we cannot conclude that Storrs' federal due process rights were violated by the delay. The fact is that Storrs never requested a prompt post-termination hearing. When a post-termination hearing was offered, he refused it.

### III. STATE DUE PROCESS RIGHTS

#### A. Pretermination Hearing

■ Like the federal constitution, the Alaska constitution affords pretermination due process protection to public employees who may only be terminated for just cause. *McMillan v. Anchorage Community Hospital*, 646 P.2d 857, 864 (Alaska 1982). Again we must consider the extent of the process due.

■ In *Nichols v. Eckert*, 504 P.2d 1359, 1365 (Alaska 1973), the court ruled that a post-termination hearing was constitutionally deficient because the discharged employee was not permitted to call witnesses on her behalf. Although a full judicial hearing is not required, the employee must be allowed to present a defense by testimonial and other evidence. *Id.* Three justices concurred in an opinion concluding that, absent extraordinary circumstances, the hearing should occur *prior* to termination. *Id.* at 1366. We therefore conclude that a public employee ordinarily has the right to an adversarial hearing before he may be effectively dismissed.

■ In limited circumstances, however, a collective bargaining agreement may alter the pretermination rights of covered employees. We hold that a post-termination adversarial hearing may satisfy the requirements of Alaska's Due Process Clause when a collective bargaining agreement waives the constitutionally mandated pretermination adversarial hearing. Such a substitution of a post-termination hearing for a pretermination hearing is permissible "so long as the negotiated agreement provides fair, reasonable, and efficacious procedures by which employer-employee disputes may be resolved," *Gorham v. City of Kansas City*, 590 P.2d 1051, 1058 (Kan. 1979). *Accord, Antinore v. State of New York*, 49 A.D.2d 6, 371 N.Y.S.2d 213 (1975), aff'd 40 N.Y.2d 921, 389 N.Y.S.2d 576, 358 N.E.2d 268 (1976). Where, as here, a discharged employee can seek post-termination judicial review of his grievance, due process has not been offended.

#### B. Post-Termination Hearing

■ The post-termination proceeding contemplated by the collective bargaining agreement did not take place in this case because the union declined to pursue the termination grievance. At that point Storrs had the right to a prompt and full post-termination hearing in the superior court. *Casey v. City of Fairbanks*, 670 P.2d 1133 (Alaska 1983). However, as we have previously explained, Storrs did not request a post-termination hearing and in fact refused one when it was offered. We therefore conclude that Storrs waived his right to a post-termination hearing by not requesting one. *See Graham v. State*, 633 P.2d 211, 216 (Alaska 1981).

## IV. STORRS' RIGHT TO INTERIM WAGES

Storrs also argues that he is entitled to back pay from the date of discharge to the scheduled trial date. The Municipality contends that Storrs would have been entitled to reinstatement and back pay only if he had demonstrated at trial that his employment was terminated without just cause.

 When a constitutionally unlawful dismissal is cured by a post-termination hearing, the employee is entitled to be paid for the period between dismissal and the curative hearing. *Kenai Peninsula Borough Board of Education v. Brown,* 691 P.2d 1034, 1039 (Alaska 1984); *McMillan,* 646 P.2d at 867. However, in the instant case, Storrs received all process due, therefore his termination was constitutionally lawful. We therefore conclude that awarding Storrs two years of back pay under these circumstances would be an unwarranted extension of *Brown* and *McMillan.*

The decision of the superior court is AFFIRMED.