**Deborah WITTE, Plaintiff,**

v.

**MATANUSKA–SUSITNA BOROUGH, Defendant.**

**No. A91–0166 Civ.**

United States District Court, D. Alaska.

March 9, 1992.

Jeffrey A. Friedman, Friedman & Rubin, Anchorage, Alaska, for Deborah Witte.

Thomas M. Daniel, Perkins Coie, Anchorage, Alaska, for Matanuska–Susitna Borough.

### ORDER DISMISSING FEDERAL AND STATE CLAIMS

SINGLETON, District Judge.

Deborah Witte sues her employer, the Matanuska–Susitna Borough, for depriving her of due process in violation of her federal constitutional rights in connection with a promotion she was allegedly promised but which was given to another employee. *See* 42 U.S.C. § 1983. She does not sue any of the defendant's officials in their personal capacity. Her claim is solely against the defendant as a municipal corporation. *See Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). This Court has federal question jurisdiction over this claim. *See* 28 U.S.C. §§ 1331 and 1343. In addition, Witte has included a number of state claims for breach of the employment contract in her complaint. This Court has pendent juris-

diction over those claims. *See* 28 U.S.C. § 1367. Both parties have moved for summary judgment. *See* Docket Nos. 20a and 24. Oral argument was heard on January 30, 1992, at which time the Court indicated its tentative decision to dismiss the federal claims with prejudice and the pendent or supplemental state claims without prejudice so that Witte could pursue them in state court. After argument, I took the case under advisement to permit my review of some cases relied upon by the parties which I had not read.

The facts are not in dispute. Deborah Witte ("Witte") has been employed by the Matanuska–Susitna Borough ("Matsu") for six years as an Accounting Clerk I. An opening occurred for an Accounting Clerk II. Witte and Mary Jo Lentz ("Lentz"), another employee, applied for the position. It appears undisputed that both are fully qualified for the position. Witte enjoyed the support of her supervisor, Desmond Mayo. Witte was initially chosen by a search committee chaired by Mayo. He discussed with her the new position and her new salary. Later, Mayo informed Witte that Lentz had filed a grievance alleging that she, rather than Witte, should have received the promotion.

On January 21, 1991, Witte received a personnel form signed by Donald Moore, the borough manager, awarding her the promotion.[1] Thereafter, Witte received at least one paycheck based on her new status. On February 11, 1991, Witte received a notification that her promotion had been "nullified" based on Lentz's grievance. Lentz rather than Witte was given the position. Witte filed a grievance which was denied.

■ Arbitration is the next step in the grievance procedure. In order to compel arbitration, Witte needed the support of her union. The union refused to support Witte. Under Alaska law, where an employee's union declines to pursue arbitration, the employee is entitled to proceed

immediately to judicial review. The employee need not first sue her union for failing to fairly represent her, as she would have to do under federal law. *See Casey v. City of Fairbanks*, 670 P.2d 1133, 1137–38 (Alaska 1983).

While the *Casey* court speaks of a right to sue for breach of contract, subsequent cases make it clear that the employee has a right to prompt judicial review through an administrative appeal. *See Diedrich v. City of Ketchikan*, 805 P.2d 362, 365–66 (Alaska 1991); *Kollodge v. State*, 757 P.2d 1028, 1034 (Alaska 1988). Review may be *de novo* where administrative review was unfair. *See State v. Lundgren Pac. Constr. Co.*, 603 P.2d 889, 893–94 & n. 9 (Alaska 1979). It thus appears that Witte has exhausted her state administrative remedies, except that she has not availed herself of the right to seek judicial review of the adverse agency decision. She now sues in this federal court to regain her position as an Accounting Clerk II and for damages under both state and federal law.

■ Witte argues that she has a property interest in her promotion under state law which is entitled to both substantive and procedural due process protection under the Fourteenth Amendment to the United States Constitution. She analogizes the cancellation of her promotion to a termination of employment. For purposes of this order, I will assume that Witte had a contract right to the promotion on the theory that Moore offered her the new job and she accepted before he withdrew the offer. I also assume that this contract right is "property" under state law which Matsu may not take without affording Witte procedural due process. *Cf. San Bernardino Physicians' Services Medical Group, Inc. v. County of San Bernardino*, 825 F.2d 1404, 1408–09 (9th Cir.1987) (discussing extent of constitutional protection of contract rights); *Sanchez v. City of Santa Ana*, 915 F.2d 424, 429 & n. 3 (9th Cir.1990)

---

1. I assume Moore is Matsu's highest decision-making authority regarding the promotion in question. *See Pembaur v. Cincinnati*, 475 U.S. 469, 480–81, 106 S.Ct. 1292, 1298–99, 89 L.Ed.2d 452 (1986). As such, any wrongs caused to

Witte by Moore's decision were the result of the Borough's official policy, the *sine qua non* of municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

(where, absent affirmative action on part of municipality, merit pay increase would continue to be received, rights in pay increase were vested and protected by due process clause) (distinguishing *Veit v. Heckler,* 746 F.2d 508 (9th Cir.1984)). *But cf. Veit v. Heckler,* 746 F.2d 508, 511 (9th Cir.1984) (no due process protected property right in obtaining a merit pay increase).

The dispositive issue is what process is constitutionally due someone like Witte whose promotion is cancelled under the circumstances present in this case. After carefully considering the authorities, I conclude that the decision which Witte contests involved a comparison of Witte and Lentz's relative qualifications. Consequently, the selection process which adequately enabled Witte and Lentz to bring their qualifications to the attention of Matsu's decision makers provided sufficient pre-determination process and Witte's right to prompt judicial review of the adverse decision provides sufficient post-determination process so that Witte received or will receive the process that is due. I therefore conclude as a matter of law that Witte has not made out a case for relief under 42 U.S.C. § 1983.

I do not see any evidence of a violation of a substantive due process right. Witte does not contend that she was denied the promotion because of racial, ethnic, religious, age or gender prejudice. She does not contend that Moore's action deprived her of some constitutional right other than her property interest in her promotion. That is, she does not contend that Moore punished her for the exercise of constitutionally protected rights such as the right of free speech or of free association.

Moreover, Witte does not argue or offer evidence that the decision to revoke her promotion and award the position to Lentz was totally arbitrary and capricious. It is clear that Moore was faced with a choice between Witte and Lentz and apparently made the choice on the basis of employment considerations. Even if we assume that Moore erred and that Witte was more qualified than Lentz, Moore's acts were hardly so irrational as to violate Witte's substantive due process rights.

Finally, Witte does not contend that state administrative and judicial remedies are inadequate, only that she would prefer to sue in federal court. *See Polenz v. Parrott,* 883 F.2d 551, 558 (7th Cir.1989) (substantive due process claim predicated on deprivation of property requires either proof of violation of some other substantive constitutional right or proof that state law remedies are inadequate) (quoting *Kauth v. Hartford Ins. Co.,* 852 F.2d 951, 956–57 (7th Cir.1988)). Consequently, construing the evidence most favorably to Witte, there is no cognizable substantive due process violation presented by the evidence developed by the parties in this case. *See also Reich v. Beharry,* 883 F.2d 239, 243–45 (3rd Cir.1989) (not all property interests worthy of procedural due process protection are protected by the concept of substantive due process).

In determining whether Witte was deprived of procedural due process, we must look at the totality of the circumstances. Here Witte received some pre-determination process. She actively competed with Lentz for the position and was felt to be the most qualified by the search committee chaired by her supervisor. It is not contended that Witte did not have an opportunity to make her qualifications known. Witte complains that she did not have a further opportunity to contest Lentz's claims of grievance, but I am satisfied that post-decision process will afford Witte the process that is due.[2] Witte is not only

---

2. Witte would probably dispute this characterization of her claim. She contends that the selection process came to a final end when Moore issued the personnel action form on January 21, 1991. At that point, she argues the competition with Lentz ceased and she acquired the position. Under Matsu personnel regulations and her collective bargaining agreement, she concludes, the position was no longer available to Lentz, no matter how her grievance was resolved. While Moore could give Lentz a similar job, at similar pay and benefits, he could not give Lentz "Witte's job." In Witte's view, once the job was offered to her and she received her first pay check, she became vested with the job and could only lose it for good cause. It is undisputed that Matsu did not have "cause" to

entitled to state administrative remedies but has a right to virtually immediate judicial review of any adverse decision reached. *Diedrich v. City of Ketchikan*, 805 P.2d 362, 365–66 (Alaska 1991); *Kollodge v. State*, 757 P.2d 1028, 1034 (Alaska 1988). This would appear to be true even if the adverse personnel action did not deprive Witte of a constitutionally protected right. It should be noted that her state remedies are much more extensive and favorable than federal remedies. *See Storrs v. Municipality of Anchorage*, 721 P.2d 1146, 1150–51 (Alaska 1986), *cert. denied*, 479 U.S. 1032, 107 S.Ct. 878, 93 L.Ed.2d 832 (1987); *Casey v. City of Fairbanks*, 670 P.2d 1133, 1138 (Alaska 1983).

In this regard it is important to stress that Witte is not being deprived of a "significant property interest," *see Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985). She was not fired. She apparently performs the same tasks as an Accounting Clerk I as she would as an Accounting Clerk II. There is a difference in pay and benefits, but the parties seem to be in agreement that, if she prevails in state court, she will receive back pay and benefits with interest. *Kenai Peninsula Borough Board of Education v. Brown*, 691 P.2d 1034, 1039 (Alaska 1984); *McMillan v. Anchorage Community Hospital*, 646 P.2d 857, 867 (Alaska 1982). The mere delay in receiving her additional pay and the increase in benefits would not appear to be so "significant" a deprivation of property that it would trigger a right of action under Section 1983. *See Arnett v. Kennedy*, 416 U.S. 134, 157–58, 94 S.Ct. 1633, 1645–46, 40 L.Ed.2d 15 (1974).

Finally, because it is conceded that Witte is qualified for the promotion, no stigma results from Matsu's choice of Lentz over Witte. Thus it would appear that when Witte has availed herself of her state remedies, she will have received the process which is due. *See Zinermon v. Burch*, 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990); *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).[3]

Witte argues that this view of the law, previewed at oral argument, and in an ear-

---

demote Witte as that term is used in the personnel rules.

I believe that Witte has unduly simplified the transaction. Clearly, the selection process involving the competition between Lentz and Witte was intertwined with the offer of the position to Witte and the processing of Lentz's grievance and the two issues cannot be viewed in isolation. It seems clear that Witte can appeal the decision preferring Lentz to her to state court. She may join Lentz as a necessary party, and obtain a final decision as to who should have received the promotion. If Moore's actions constituted a firm offer, which Witte accepted before it was revoked, she will be able to recover contract damages in state court even if it is also determined that Lentz should have gotten the job in the first place. There is thus no need for a federal remedy. *Cf. Monroe v. Pape*, 365 U.S. 167, 173–74, 81 S.Ct. 473, 476–77, 5 L.Ed.2d 492 (1961) (Ku Klux Act, codified at 42 U.S.C. § 1983, was intended to provide federal remedy where there was no state remedy or where there was a state remedy but it was not available in practice). Even if it is assumed that Moore was negligent in offering the job to Witte before Lentz's grievance was finally resolved, mere negligence does not give rise to liability under Section 1983. *See Daniels v. Williams*, 474 U.S. 327, 330–31, 106 S.Ct. 662, 664–65, 88 L.Ed.2d 662 (1986).

**3.** One court has held that if a state remedy is adequate to provide the process which is due, it bars a Section 1983 claim even if the state remedy is time barred. *See Campo v. New York City Employees' Retirement System*, 843 F.2d 96, 102 n. 6 (2nd Cir.), *cert. denied*, 488 U.S. 889, 109 S.Ct. 220, 102 L.Ed.2d 211 (1988). Unlike federal law, time limits for appeal under Alaska law are not jurisdictional. While it appears that Witte's remedy under state law would be deemed an administrative appeal, the superior court has discretion to relieve a litigant from the thirty day rule governing administrative appeals where she was uncertain regarding her remedy. *See Anderson v. State, Commercial Fisheries Entry Comm'n*, 654 P.2d 1320, 1322 (Alaska 1982) (failure to relax thirty day rule was abuse of discretion); *Owsichek v. State, Guide Licensing & Control Board*, 627 P.2d 616, 621 (Alaska 1981) (same). Thus it would appear that the superior court would treat the time for the commencement of an administrative appeal as tolled while this action was pending. *See King v. State Dept. of Natural Resources*, 742 P.2d 253, 256 (Alaska 1987). *See also* 28 U.S.C. § 1367(d) (allowing Witte thirty additional days to pursue her state remedies after this case is dismissed).

lier order at Docket 44, at 1 n. 1, conflicts with *Patsey v. Board of Regents*, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982), and *Felder v. Casey*, 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988), in which the Supreme Court held that there was no requirement that a person alleging a claim under 42 U.S.C. § 1983 first exhaust her state administrative, and by extension judicial, remedies. The simple answer is that an exhaustion requirement, which this Court has not imposed, acts as a procedural bar to a consideration of the merits. Application of the test in *Zinermon*, on the other hand, requires a consideration of the merits to determine whether a significant property right has been impaired and whether adequate state remedies exist for protection of that right, satisfying procedural due process. *See Zinermon*, 494 U.S. 113, 126, 110 S.Ct. 975, 983, 108 L.Ed.2d 100 (1990).

Nevertheless, there is some tension between *Zinermon* and *Patsey*, which the Supreme Court addressed by differentiating between three kinds of Section 1983 claims: (1) deprivation of specific constitutional rights (*e.g.*, those guaranteed by the Bill of Rights); (2) deprivation of substantive due process; and (3) deprivation of procedural due process. *Zinermon*, 494 U.S. at 125, 110 S.Ct. at 983. Patsey complained that she was denied promotion based on her race and gender. Witte makes no similar claim. While she claims a deprivation of her right to property, secured by the Fifth and Fourteenth Amendments, it is clear that the state may take away a property interest protected by a right to procedural due process without thereby depriving the holder of substantive due process. I have analyzed Witte's claims and find no substantive due process violations, nor any inadequacies in Matsu's pre-determination procedure or the state's post-determination remedy which could be violative of procedural due process. *Cf. Polenz*, 883 F.2d 551, 558 (7th Cir.1989).

Having carefully reviewed all the materials submitted by the parties, I conclude that reasonable people could not differ that Witte's participation in the selection process provided her the pre-deprivation process that was due. Her ability to obtain state judicial review of the decision preferring Lentz to her provides her the post-deprivation process that was due. *Cf. Williams v. Seattle*, 607 F.Supp. 714, 718 (W.D.Wa.1985).[4]

IT IS THEREFORE ORDERED:

Witte's motion for partial summary judgment at Docket No. 20a is DENIED.

Matsu's motion for summary judgment at Docket No. 24 is GRANTED as to Witte's claims under 42 U.S.C. § 1983 and DENIED as to Witte's claims under state law.

Having considered all of the materials submitted by the parties, in support of and in opposition to the respective motions, I conclude that Matsu may have breached a contract with Witte but did not deny her the process that was due under the federal constitution. I therefore DISMISS WITH PREJUDICE Witte's federal claims under 42 U.S.C. § 1983, but DISMISS WITHOUT PREJUDICE TO FURTHER PROCEEDINGS IN STATE COURT her supplemental state claims. *See* 28 U.S.C. § 1367(C)(3).[5]

---

**4.** I do not consider *Ezekwo v. NYC Health & Hosp. Corp.*, 940 F.2d 775 (2nd Cir.), *cert. denied sub nom. New York City Health & Hosp. Corp. v. Ezekwo*, —— U.S. ——, 112 S.Ct. 657, 116 L.Ed.2d 749 (1991), to be inconsistent with this result. It is not clear that New York provides any prompt remedy for the breach of contract that Ezekwo complained about. In contrast, Alaska allows a public employee judicial review, in some cases *de novo* review, of any adverse employment action against a public employee within thirty days of its occurrence. In order to determine whether state remedies are adequate to provide a public employee due process, it is first necessary to evaluate those remedies.

**5.** Both parties have expressed an interest in having this court decide the state claims as well as the federal claims. I decline to do so because I do not believe that the state claims can be resolved on summary judgment. Applying Alaska law, I believe reasonable men and women

could differ as to whether Matsu breached a contract to promote Witte. Moreover, for the reasons set out in my decision regarding the availability of jury trial on the state claims, *see* Docket No. 44, I am not sure what the Alaska courts mean by trial *de novo* in this context, and might have to certify that issue to the Alaska Supreme Court under Alaska Rule of Appellate Procedure 407. Remanding this case to state court will speed rather than delay an ultimate decision on the merits.