**Rose M. ODUM, Petitioner,**

v.

**UNIVERSITY OF ALASKA, ANCHORAGE, Respondent.**

**No. S–5258.**

Supreme Court of Alaska.

Jan. 29, 1993.

---

Allison E. Mendel, Mendel & Huntington, Anchorage, for petitioner.

Mark E. Ashburn, Ashburn & Mason, Anchorage, for respondent.

Before MOORE, C.J., and RABINOWITZ, BURKE, MATTHEWS and COMPTON, JJ.

## OPINION

PER CURIAM.

The University of Alaska–Anchorage (University) terminated Rose M. Odum as an associate professor. She filed a complaint for declaratory relief, claiming that the University had denied her due process of law guaranteed by the United States [1] and Alaska Constitutions,[2] and also had denied her procedures guaranteed by the Alaska Administrative Procedures Act (APA), AS 44.62.330–630. She moved for a preliminary injunction, which was denied. Odum seeks review. We reverse.

## I. FACTUAL AND PROCEDURAL BACKGROUND [3]

Odum was a tenured associate professor at the University. Laura W. MacLachlan, Dean of the University's School of Nursing and Health Sciences, received complaints about Odum. Unable to resolve the complaints internally, MacLachlan asked the University Provost to appoint a Performance Review Group to evaluate Odum's performance.

The Provost appointed a Special Peer Review Committee (Committee) to review Odum's performance. The chairperson circulated a set of guidelines for the conduct of the hearing. These guidelines provided that each party would have an opportunity to make opening and closing statements, present testimony and documentation, and question each other's witnesses. The guidelines permitted the parties to be advised by legal counsel, but prohibited counsel from questioning witnesses or speaking

---

1. U.S. Const. amend. V, provides in part:
   No person shall be ... deprived of life, liberty, or property, without due process of law....

2. Alaska Const. art. I, § 7, provides in part:

   No person shall be deprived of life, liberty, or property, without due process of law....

3. These facts are constructed from the Petition for Review, the Response to Petition for Review and attached exhibits.

on behalf of the parties. After the hearing, and following receipt of the Committee's recommendation, MacLachlan terminated Odum.

Odum filed suit. She moved for a preliminary injunction to enjoin enforcement of her termination during the pendency of the proceeding. Superior Court Judge J. Justin Ripley denied without comment Odum's motion for preliminary injunction. Odum filed a Petition for Review pursuant to Alaska Appellate Rule 402. We granted her petition, and directed the parties to address the following issues: 1) whether the APA requires that pre-termination hearings held by the University must comply with the procedures outlined in the APA; and 2) whether the right to a pre-termination hearing guaranteed by the due process clause of the Alaska Constitution includes the right to be represented by counsel, that is, the right to counsel who is permitted to question witnesses and make arguments.

We conclude that the APA governs pre-termination hearings held by the University. Since the APA affords the right to counsel to participate in hearings, we do not reach the question whether due process of law also requires the University to allow counsel to participate.

## II. STANDARD OF REVIEW

■ The interpretation of a statute is a question of law which involves this court's independent judgment. *McGrath v. University of Alaska*, 813 P.2d 1370, 1371 n. 1 (Alaska 1991). "On questions of law, this court is not bound by the lower court's decision.... Our duty is to adopt the rule of law that is most persuasive in light of precedent, reason, and policy." *Guin v. Ha*, 591 P.2d 1281, 1284 n. 6 (Alaska 1979).

## III. PRE–TERMINATION HEARINGS AND THE APA

■ We have consistently held that due process of law guaranteed by the United States and Alaska Constitutions requires a pre-termination hearing. *Storrs v. Municipality of Anchorage*, 721 P.2d 1146, 1149–50 (Alaska 1986), *cert. denied*, 479 U.S. 1032, 107 S.Ct. 878, 93 L.Ed.2d 832 (1987); *Kenai Peninsula Borough Bd. of Educ. v. Brown*, 691 P.2d 1034, 1037 (Alaska 1984); *McMillan v. Anchorage Community Hosp.*, 646 P.2d 857, 864 (Alaska 1982); *University of Alaska v. Chauvin*, 521 P.2d 1234, 1238 (Alaska 1974); *Nichols v. Eckert*, 504 P.2d 1359, 1366 (Alaska 1973) (Erwin, J., concurring).

■ While the University agrees that Odum was entitled to a pre-termination hearing, it contends that this hearing was not governed by the APA. The APA provides:

> The procedure of the state boards ... listed in this subsection ·... *shall be conducted* under AS 44.62.330–44.62.630. This procedure, including, but not limited to, accusations and statements of issues, service, notice and time and place of hearing ... conduct of hearing ... *shall be governed* by this chapter....

AS 44.62.330(a) (emphasis added).

The University presents no persuasive reason why the mandatory language of AS 44.62.330(a) should not apply to pre-termination proceedings. Alaska Statutes 44.-62.330–.630 govern the procedures to be employed by the University "except to the extent that [the University's] inclusion is inconsistent with the provisions of AS 14.-40." [4] AS 44.62.330(a)(45); *McGrath*, 813 P.2d at 1372. As we noted in *McGrath*, "[u]ltimately, if [d]efendant seeks to be exempted from the workings of the APA, it must seek such remedy from the [l]egis-

---

**4.** The University does not argue that AS 14.40 precludes the APA from applying to it. Under AS 14.40.170(b)(1), the Board of Regents may "adopt reasonable rules, orders, and plans ... for the good government of the university...." However, the procedures used in Odum's hearing were not adopted by the Board of Regents. Furthermore, this court has held that "the APA hearing procedure which is designed to guarantee due process to persons adversely affected by administrative action, such as adverse employment or personnel action" is consistent with the provisions of AS 14.40. *McGrath*, 813 P.2d at 1372 (quoting *Aden v. University of Alaska*, No. 3AN–85–17179 Civil (Alaska Super., Feb. 2, 1987)).

*lature, not this [c]ourt."  Id.* at 1375 (quoting *Aden*).

The University argues that the plain language of the APA should not be used to determine how it applies to intra-agency personnel decisions. Although the procedural protection of the APA may be applied to personnel actions, the APA was not drafted with these actions in mind. Accordingly, the University contends that applying the plain language of the APA to personnel actions is "a very suspect enterprise."

We disagree. Where the language of the statute is clear, "[w]e see no reason to suspect that [it] does not mean exactly what it appears to mean." *Kodiak Elec. Ass'n v. Delaval Turbine, Inc.*, 694 P.2d 150, 155 (Alaska 1984) (quoting *Vest v. First Nat'l Bank of Fairbanks*, 659 P.2d 1233, 1234 (Alaska 1983)).

 The University further argues that Odum was sufficiently protected by existing· procedures. Although the pre-termination hearing afforded Odum "did not incorporate all the procedural provisions of the APA," the University notes that she was entitled to grieve the outcome of this hearing. The grievance process includes a hearing which complies with the APA. Thus the University argues in the alternative that the pre-termination hearing already provided Odum, and the opportunity for a post-termination hearing which complies with the APA, taken together satisfy due process requirements and the APA.

Again, we disagree. A post-termination hearing which complies with the requirements.of the APA does not cure the failure of a pre-termination hearing to comply with the APA. The procedural protections the APA provides are most important before termination.

5. Alaska Statute 44.62.420(b) provides in part:
The notice to respondent must be substantially in the following form but may include other information:
... You may be present at the hearing, may be but need not be represented by counsel, may present any relevant evidence, and will be given full opportunity to cross-examine all witnesses testifying against you.

## IV. CONCLUSION

The parties agree that Odum is entitled to a pre-termination hearing under state and federal guarantees of due process of law. Since the APA governs the procedures to be employed by the University in the conduct of hearings, the pre-termination hearing to which Odum is entitled must be conducted pursuant to the APA. The APA provides that parties may be represented by counsel.[5] Counsel's participation may not be limited to giving advice only, rather, counsel must be permitted to question witnesses and make arguments on behalf of the parties. Since the statute does not limit counsel's traditional role as an advocate in an adversarial proceeding, Odum has the right to be represented by counsel who is permitted to question witnesses and make arguments.[6]

The case is REMANDED to the superior court for further proceedings consistent with this opinion.

6. Since the APA resolves the issue in Odum's favor, we do not address whether the due process clauses of the United States or Alaska Constitutions require that legal counsel be allowed to participate in the pre-termination hearing of a tenured professor.