NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite a memorandum decision in a brief or at oral argument should review Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| SUSAN M. SULLIVAN, | ) | |
| | ) | Supreme Court No. S-14164 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-10-00617 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| TIMOTHY M. SULLIVAN, | ) | AND JUDGMENT* |
| | ) | |
| Appellee. | ) | No. 1433 - September 12, 2012 |
| _____ | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Eric A. Aarseth, Judge.

Appearances: Vikram N. Chaobal, Law Office of Vikram N. Chaobal, Anchorage, for Appellant. Douglas C. Perkins, Hartig, Rhodes, Hoge & Lekisch, P.C., Anchorage, for Appellee.

Before: Carpeneti, Chief Justice, Fabe and Winfree, Justices. [Stowers, Justice, not participating.]

I.    INTRODUCTION

In 2009 a woman filed a petition for and was granted an ex parte domestic violence protective order against her ex-husband. The order contained a provision that the man "not telephone, contact or otherwise communicate directly or indirectly" with the woman. While the ex parte order was still in effect, the man filed a Forcible Entry

_____

*    Entered under Alaska Appellate Rule 214.

and Detainer (FED) action against the woman, causing her to be personally served. In 2010 the woman petitioned for an ex parte and long-term protective order. Among various allegations, she contended that the filing of the FED action was a violation of the 2009 protective order and therefore constituted a "crime involving domestic violence," upon which a new protective order could be granted. The superior court concluded that service of process in the FED action did not constitute a violation of the 2009 protective order. Because we agree with the superior court that no violation occurred, we affirm the superior court in all respects.

## II.    FACTS AND PROCEEDINGS

The present appeal arises from a December 20, 2010 superior court order denying appellant Susan Sullivan's petition for a long-term domestic violence protective order against appellee Timothy Sullivan. The present history of litigation between the Sullivans, however, dates back almost three years, to a domestic violence protective order obtained by Susan in March 2009.

On March 24, 2009, after a physical altercation with Timothy at the parties' home,[1] Susan filed a petition for an ex parte and long-term domestic violence protective order against Timothy. On that same day, Susan was granted a 20-day ex parte protective order, under which she was granted exclusive possession of the parties' home. The ex parte order also provided, pursuant to AS 18.66.100(c)(2), that Timothy "not telephone, contact or otherwise communicate directly or indirectly with [Susan]."

On May 1, 2009, during a hearing on the long-term petition, the parties settled, agreeing to extend the ex parte protective order for an additional six months. At this hearing the parties also discussed the fact that additional litigation would be

---

[1]    At the time of the 2009 petition, the parties were living together as domestic partners.

necessary to adjudicate their respective interests in the home. During these discussions, Susan specifically mentioned that she was finalizing a complaint for a domestic partnership dissolution action. Later that day, Timothy filed an FED action against Susan. Susan was served in the FED action at the parties' home on May 2 by a process server. On October 30, two days before the six-month extension of the ex parte order was set to expire, Susan and Timothy entered into a stipulated order pursuant to Alaska Civil Rule 78(d)[2] that essentially continued the terms of the ex parte order.

On February 25, 2010, Susan filed the present petition for a domestic violence protective order against Timothy. In her petition, she identified various acts that she characterized as instances of domestic violence by Timothy, only one of which remains relevant for purposes of this appeal: the filing of the FED action on May 1, 2009, which resulted in Susan personally being served.[3] Susan contended that service of process in the FED action was an impermissible contact under the terms of the 2009

---

[2]     Alaska R. Civ. P. 78(d) provides for an order upon stipulation.

[3]     In her brief, Susan also contends that it was error for the superior court not to allow her to base her petition for a long-term protective order on events that occurred prior to May 1, 2009. But during oral argument before us, Susan conceded that she waived her right to pursue a protective order based on those events when she entered into the May 1 settlement agreement with Timothy.

Further, Susan contends that the superior court committed error in regard to a February 7, 2010 Facebook message Timothy sent to Susan. But Susan conceded at a May 21, 2010 status hearing that the Facebook message did not constitute a violation of a protective order because the alleged conduct occurred after the six-month extension of the ex parte protective order had expired. Rather, the alleged Facebook incident occurred while the October 30, 2009 civil restraining order was in place. Because Susan conceded this argument before the superior court, we will not consider her argument on appeal. *See Tybus v. Holland*, 989 P.2d 1281, 1285 (Alaska 1999) (citing *Wettanen v. Cowper*, 749 P.2d 362, 364 (Alaska 1988)) ("We will not consider arguments that parties fail to raise in the lower court, let alone arguments they have conceded below, unless the trial court committed plain error.").

ex parte protective order and therefore constituted a crime involving domestic violence. After additional rounds of briefing and a number of hearings, the superior court concluded that Timothy's filing of the FED action did not constitute a contact in violation of the protective order because "it was a legitimate action that could be pursued by [Timothy]" and there was an insufficient showing that "the service of the paperwork was intended . . . to either intimidate or harass [Susan]."[4] On this basis, the superior court denied Susan's petition. Susan appeals.

## III. STANDARD OF REVIEW

"The interpretation of a statute is a question of law which involves [our] independent judgment."[5] We will adopt "the rule of law that is most persuasive in light of precedent, reason, and policy."[6]

## IV. DISCUSSION

**The Superior Court Did Not Err In Concluding That No Violation Occurred When Timothy Caused A Summons And Complaint For Forcible Entry And Detainer To Be Personally Served Upon Susan.**

Susan argues that Timothy's conduct in causing her to be served was not constitutionally protected and therefore violated the terms of the protective order. Timothy asserts that the superior court "ruled correctly that [Susan's] rights to protection

---

[4] The court additionally noted that "to the extent that the statute would require [Timothy] to actually get permission from the court . . . the statute is unconstitutional, because there is no reason why a respondent should be limited and have to go back to the court and receive permission to be able to file a legitimate legal action in this case."

[5] *Cooper v. Cooper*, 144 P.3d 451, 454 (Alaska 2006) (quoting *Odum v. Univ. of Alaska, Anchorage*, 845 P.2d 432, 434 (Alaska 1993)).

[6] *State Farm Mut. Auto. Ins. Co. v. Lestenkof*, 155 P.3d 313, 316 (Alaska 2007) (quoting *In re Estate of Maldonado*, 117 P.3d 720, 722 (Alaska 2005)).

from harassing contact must yield to [Timothy's] constitutional right to access the courts."

Alaska Statute 18.66.100(a) provides that "[a] person who is or has been a victim of a crime involving domestic violence may file a petition . . . for a protective order against a household member." Pursuant to AS 18.66.990(3), a "crime involving domestic violence" includes "violating a protective order under AS 11.56.740(a)(1)."[7] The 2009 ex parte protective order prohibited Timothy from "telephoning, contacting, or otherwise communicating directly or indirectly with [Susan]."[8] Thus, if service of process in the FED action constituted an impermissible "contact" or "communication" in violation of the 2009 protective order's no-contact provision, such conduct could be defined as a "crime involving domestic violence" and therefore serve as the basis for a future protective order against Timothy.

We conclude, however, that it was not a violation of a protective order to file a lawsuit, particularly given the factual finding that Timothy's filing of the FED action was not intended to either intimidate or harass Susan. To rule otherwise would require us to address whether AS 18.66.100 violates an individual's constitutional right to access the courts.[9] If Timothy's filing of the FED action was a violation of anything,

---

[7]    AS 11.56.740(a) provides in relevant part that "[a] person commits the crime of violating a protective order if the person is subject to a protective order (1) issued or filed under AS 18.66 and containing a provision listed in AS 18.66.100(c)(1)-(7) and knowingly commits or attempts to commit an act with reckless disregard that the act violates or would violate a provision of the protective order . . . ."

[8]    AS 18.66.100(c)(2).

[9]    We also note that the parties have failed to sufficiently brief the constitutional issue of right to access the courts on appeal, nor is the State involved in the present appeal.

it was a violation of the terms of the May 1, 2009 settlement agreement. But Susan did not move for relief on this basis, nor did the superior court address this issue.

Further, we note that Susan has requested no relief that remains viable. Had Susan's 2010 petition been granted in February 2010, or soon thereafter, the terms of such petition already would have expired.[10]

## V.    CONCLUSION

Because we agree with the superior court that no violation occurred, we AFFIRM the superior court in all respects.

---

[10]    AS 18.66.100(b) provides that a no-contact provision entered pursuant to AS 18.66.100(c)(2) is "effective for one year unless earlier dissolved by court order."